UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABDULKADIR OMAR,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN PATRIOT SECURITY & INVESTIGATION, INC., d/b/a AMERICAN PATRIOT SECURITY, INC.<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>JURY DEMAND REQUESTED |

Comes now Plaintiff ABDULKADIR OMAR and complains of Defendant AMERICAN PATRIOT SECURITY & INVESTIGATIONS, INC., d/b/a AMERICAN PATRIOT SECUIRTY, INC. ("American Patriot") as follows:

## I. NATURE OF THE ACTION

1.1   Plaintiff alleges that Defendant discriminated against and harassed him because of his religion in violation of Washington State and federal anti-discrimination laws.

1.2   Plaintiff alleges that Defendant failed to accommodate Mr. Omar's religious beliefs in violation of Washington State and federal anti-discrimination laws.

1.3   Defendant further retaliated against Plaintiff by terminating his employment.

COMPLAINT FOR DAMAGES
Page 1

The Rekhi Law Firm, PLLC
1411 Fourth Avenue
Suite 1101
Seattle, WA 98101
Phone: (206)388-5887
Facsimile: (206)577-3924

**1.4** Defendant wrongfully withheld wages from Plaintiff in violation of Washington State law.

**1.5** Defendant further retaliated against Plaintiff for complaining of wrongfully withheld wages.

## II. JURISDICTION AND VENUE

**2.1** Plaintiff resides in Sea-Tac, Washington. He is and was at all times material to this action, a resident of King County, Washington.

**2.2** Defendant American Patriot Security and Investigations, Inc., is a Washington State Company. Defendant is doing business in and around King County, Washington.

**2.3** On or about April 30, 2010 Plaintiff completed an Equal Employment Opportunity Commission Intake Questionnaire and submitted it as his charge of discrimination.

**2.4** On May 3, 2011 the EEOC made a determination that "all requirements for coverage have been met." The EEOC further determined "that there is reasonable cause to believe the Charging Party (Plaintiff) was subjected to discrimination and retaliation in violation of Title VII."

**2.5** On May 17, 2011 the EEOC mailed Mr. Omar a Notice of Suit of Rights.

**2.6** Plaintiff fulfilled the prerequisite requirements to initiate a lawsuit under Title VII.

**2.7** federal jurisdiction is based on the existence of federal question. This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e).

**2.8** Venue is proper because at all relevant times Plaintiff was employed and the actions alleged herein occurred within the Western District of Washington within King County.

## III. FACTUAL ALLEGATIONS

**3.1** Defendant engaged in unlawful employment practices during the time Plaintiff was employed by Defendant in violation of the Washington State and federal laws.

COMPLAINT FOR DAMAGES
Page 2

The Rekhi Law Firm, PLLC
1411 Fourth Avenue
Suite 1101
Seattle, WA 98101
Phone: (206)388-5887
Facsimile: (206)577-3924

3.2   Plaintiff is a male who is of the Islamic faith.

3.3   Plaintiff began working for Defendant on or about May 28, 2009.

3.4   Mr. Omar was hired as a security guard.

3.5   On or about November 4, 2009 Mr. Omar was told by an American Patriot supervisor that he was required to shave his beard. Mr. Omar refused to shave his beard because he had a sincerely held belief that as male member of the Islamic faith he was required to keep a beard.

3.6   On or about April 21, 2010 Mr. Omar complained that he had not been paid all his wages for time worked.

3.7   He met with the Project Manager, Nicole Smith to address this issue.

3.8   During the April 21, 2010 meeting Ms. Smith informed Mr. Omar that he was required to remove his beard to comply with Defendant's grooming policy.

3.9   Mr. Omar informed Ms. Smith of his sincerely held belief that he was obligated by his religion to keep a beard.

3.10  Following the meeting, Mr. Omar contacted a Muslim advocacy group, Counsel on American-Islamic Relations (CAIR). CAIR issued a letter, dated April 23, 2010 explaining and corroborating Mr. Omar's sincerely held belief that the Islamic faith mandated that males keep a beard.

3.11  Mr. Scott Jacobs, the CEO and Owner of American Patriot, suspended Mr. Omar without pay on or about April 23, 2010.

3.12  Mr. Jacobs subsequently contacted Mr. Omar, threatening to terminate him if he does not remove his facial hair. Mr. Jacobs also challenged Mr. Omar's religious belief.

3.13  On or about April 27, 2010 Mr. Jacobs informed Mr. Omar that he would remain off the schedule for at least two weeks.

3.14  Mr. Jacobs subsequently informed Mr. Omar that he would remain off the schedule until he shaved his beard.

COMPLAINT FOR DAMAGES
Page 3

The Rekhi Law Firm, PLLC
1411 Fourth Avenue
Suite 1101
Seattle, WA 98101
Phone: (206)388-5887
Facsimile: (206)577-3924

3.15 Defendant violated federal law by retaliating, harassing and discriminating against Mr. Omar based on his religious beliefs. Defendant further violated federal law by failing to accommodate Mr. Omar's religious beliefs.

3.16 Defendant violated Washington State law by retaliating, harassing and discriminating against Mr. Omar based on his religious beliefs. Defendant further violated Washington State law by failing to accommodate Mr. Omar's religious beliefs.

3.17 Defendant, further violated State law by failing to pay Mr. Omar for all hours worked. Specifically, but not limited to, prior to the April 21, 2010 meeting Mr. Omar had complained multiple times regarding unpaid wages. By the April 21, 2010 meeting Mr. Omar has accrued 65 hours of work time for which he was not paid.

3.18 Defendant further violated Washington State law by failing to pay Mr. Omar all wages at the time of his termination.

3.19 Defendant further retaliated against Plaintiff for complaining of his unpaid wages in violation of public policy and Washington State law.

## IV. FIRST CAUSE OF ACTION
### (UNPAID WAGES ON TERMINATION: RCW 49.48)

4.1 Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

4.2 RCW 49.48.010 provides that "when any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due to him on account of his employment shall be paid to him at the end of the established pay period." The statute further states that it shall be unlawful for "any employer to withhold or divert any portion of an employee's wages."

4.3 By the actions alleged above, Defendant violated the provisions of RCW 49.48.010.

4.4 As a result of the unlawful acts of Defendant, Plaintiff has been deprived of overtime compensation and straight time in amounts to be determined at trial, and pursuant to

COMPLAINT FOR DAMAGES
Page 4

The Rekhi Law Firm, PLLC
1411 Fourth Avenue
Suite 1101
Seattle, WA 98101
Phone: (206)388-5887
Facsimile: (206)577-3924

RCW 49.48.030 is entitled to recover such amounts, including interest thereon, attorneys' fees and costs.

## V. SECOND CAUSE OF ACTION
### (PAYMENT OF WAGES LESS THAN ENTITLED: RCW 49.46.090)

**5.1** Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

**5.2** Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under The Washington Minimum Wage Act. If the employer fails to do so, RCW 49.46.090 requires that the employer pay the employees the full amount of the statutory minimum wage rate less any amount actually paid to the employees.

**5.3** By the actions alleged above, Defendant violated the provisions of RCW 49.46.090 and the Washington Minimum Wage Act by failing to pay any wage whatsoever to Plaintiff for part of the time he worked.

**5.4** As a result of the unlawful acts of Defendant, Plaintiff has been deprived of overtime compensation and straight time in amounts to be determined at trial, and pursuant to RCW 49.46.090 and 49.48.030 are entitled to attorneys' fees and costs.

## VI. THIRD CAUSE OF ACTION
### (WILLFUL REFUSAL TO PAY WAGES: RCW 49.52.050)

**6.1** Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

**6.2** RCW 49.52.050(2) provides that any employer who "willfully and with intent to deprive the employee of any part of his wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statue, ordinance, or contract" shall be guilty of a misdemeanor.

COMPLAINT FOR DAMAGES
Page 5

The Rekhi Law Firm, PLLC
1411 Fourth Avenue
Suite 1101
Seattle, WA 98101
Phone: (206)388-5887
Facsimile: (206)577-3924

6.3   RCW 49.52.070 provides that any employer who violates the foregoing statute shall be liable in a civil action for twice the amount of wages withheld, together with costs of suit and a reasonable attorney fee.

6.4   By the actions alleged above, Defendant violated the provisions of RCW 49.52.050.

6.5   As a result of the unlawful acts of Defendant, Plaintiff has been deprived of overtime and straight time compensation in amounts to be determined at trial, and pursuant to RCW 49.52.070 is entitled to recovery of twice such amounts, including interest thereon, attorneys' fees and costs.

## VII.   FOURTH CAUSE OF ACTION
### (WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY: RCW 49.46.130)

7.1   Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

7.2   There is a clear mandate of public policy in the State of Washington that employees who work more than forty hours in a work week be paid overtime wages, at least, in the amount of one and one-half times their normal pay. Further there is clear mandate of public policy that workers be paid for all our worked

7.3   Plaintiff complained to the Defendant that he was owed overtime and minimum wage pay.

7.4   Defendant wrongfully terminated Plaintiff's employment because he inquired and complained about not being paid for all hours worked and overtime hours in violation of the public policy enunciated in RCW 49.46.130.

7.5   As a result of Plaintiff suffered injuries in the form of lost wages and emotional or general damages, in an amount to be proven at trial.

COMPLAINT FOR DAMAGES
Page 6

The Rekhi Law Firm, PLLC
1411 Fourth Avenue
Suite 1101
Seattle, WA 98101
Phone: (206)388-5887
Facsimile: (206)577-3924

## VIII. FIFTH CAUSE OF ACTION
### (VIOLATIONS OF WASHINGTON LAW AGAINST DISCRIMINATION: RCW 49.60)

**8.1** Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

**8.2** The conduct, acts and omissions of Defendant against Plaintiff constitute discrimination based on religious discrimination in violation of Washington's Law Against Discrimination, Chapter 49.60 RCW, including but not limited to the following separate types of conduct: (a) hostile work environment, (b) discrimination in the terms and conditions of employment, (c) retaliation; and (d) failure to accommodate a religious belief.

**8.3** As a result and proximate cause of the conduct of Defendant, Plaintiff has suffered injuries and damages including economic loss and emotional distress in an amount to be proven at trial.

## IX. SIXTH CAUSE OF ACTION
### (VIOLATIONS OF FEDERAL LAW AGAINST DISCRIMINATION: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 200e, *et.seq.*)

**9.1** Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

**9.2** The conduct, acts and omissions of Defendant against Plaintiff constitute discrimination based on religious in violation Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 200e, *et.seq.* including but not limited to the following separate types of conduct: (a) hostile work environment, (b) discrimination in the terms and conditions of employment, (c) retaliation; and (d) failure to accommodate a religious belief.

COMPLAINT FOR DAMAGES
Page 7

The Rekhi Law Firm, PLLC
1411 Fourth Avenue
Suite 1101
Seattle, WA 98101
Phone: (206)388-5887
Facsimile: (206)577-3924

9.3  As a result and proximate cause of the conduct of Defendant, Plaintiff has suffered injuries and damages including economic loss and emotional distress in an amount to be proven at trial.

## X.  PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this court:

10.1  Grant a permanent injunction enjoining Defendant, its officers, successors, agents, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of religion.

10.2  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, and which eradicate the effects of its past and present unlawful employment practices.

10.3  Order Defendant to make Plaintiff whole by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

10.4  Order Defendant to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the above paragraphs, including out-of-pocket expenses, in amounts to be determined at trial.

10.5  Order Defendant to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in the above paragraphs, including, without limitation, emotional pain, suffering, and loss of enjoyment of life, and punitive damages in amounts to be determined at trial and to the fullest extent allowed by law.

10.6  Order Defendants to pay Plaintiff for any and all tax consequences associated with the damages and a cost award, including but not limited to attorney's fees.

COMPLAINT FOR DAMAGES
Page 8

The Rekhi Law Firm, PLLC
1411 Fourth Avenue
Suite 1101
Seattle, WA 98101
Phone: (206)388-5887
Facsimile: (206)577-3924

10.7 Award Plaintiff the costs of this action, including attorneys' fees and prejudgment interest.

10.8 Grant any additional or further relief as provided by law, which this Court finds appropriate, equitable, or just.

## XI. JURY DEMAND

Plaintiff hereby demands a jury of twelve (12) of his peers.

DATED this 15$^h$ day of July, 2011.

Respectfully submitted,

THE REKHI LAW FIRM, PLLC

By: _____
Hardeep S. Rekhi, WSBA No. 34579
1411 Fourth Avenue, Suite 1101
Seattle, WA 98101
Telephone: (206) 388-5887
Fax: (206) 577-3924
E-Mail: hsrekhi@rekhilawfirm.com
Attorney for Plaintiff

COMPLAINT FOR DAMAGES
Page 9

The Rekhi Law Firm, PLLC
1411 Fourth Avenue
Suite 1101
Seattle, WA 98101
Phone: (206)388-5887
Facsimile: (206)577-3924